**UNITED STATES of America**

v.

**Terry W. CASE, Defendant**

**No. CRIM.01–68–P–H.**

United States District Court,
D. Maine.

Sept. 4, 2002.

Jonathan R. Chapman, Ass't United States Attorney, Office of the U.S. Attorney, Portland, ME, for United States of America.

Bruce M. Merrill, Esq., Portland, ME, for Defendant.

## DECISION AND ORDER ON PENDING GUIDELINE SENTENCING ISSUES

HORNBY, Chief Judge.

On September 3, 2002, I heard oral argument on the remaining Guideline sentencing issues in this case. I now make the following rulings:

1. The relevant conduct is 2,320 pounds, or 1,052 kilograms, of marijuana for a Base Offense Level of 32 under the United States Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(4) (2001). *United States v. Case*, 217 F.Supp.2d 158, 159 (D.Me.2002). I need not determine the remaining contested amounts because they will not affect the Guideline range (see the earlier Order, *id.* 217 F.Supp.2d at 160, demonstrating that the Base Offense Level does not change) or my sentence within the range.[1] Fed.R.Crim.P. 32(c)(1).

2. I am applying neither a role enhancement under USSG § 3B1.1 nor a role reduction under USSG § 3B1.2.

The burden of proof for the enhancement lies with the government, and it has not satisfied me that the defendant managed or supervised anyone, whether it be Eugene Monroe, Ronnie Kerrigan, or the unidentified packagers. Monroe and the defendant were pretty much equals; the defendant's role with Kerrigan is speculative at best; and the defendant boasted about his shipping "organization," but there is nothing to show it was any more than boasting.

The burden of proof for the reduction lies with the defendant, and he must satisfy two requirements: "that he is both less culpable than most others involved in the offense of conviction and less culpable than most other miscreants convicted of comparable crimes." *United States v. Melendez*, 301 F.3d 27, 33 (1st Cir.2002) (quoting *United States v. Ortiz-Santiago*, 211 F.3d 146, 149 (1st Cir.2000)). Assuming for the sake of argument that there were more members of this conspiracy with a higher degree of culpability (Salsberry, Old Man, Jefe, Martino) than this defendant, he has not satisfied me that he is any less culpable than the ordinary drug conspirator. What this defendant was doing (setting up and attempting to set up sales, shipping marijuana to Maine, finding suppliers in Mexico) is not minor and not deserving of a role reduction.[2]

3. I do not award acceptance of responsibility under USSG § 3E1.1. On

---

1. At oral argument, the government withdrew its earlier assertion, see Gov't Br. at 11, that this determination should affect whether the defendant received a role enhancement or reduction.

2. I therefore do not address the interesting question whether 3B1.1 and 3B1.2 adjustments can be applied to the same defendant. The Third and Seventh Circuits say that in theory they can be. *See United States v. Jackson*, 207 F.3d 910, 922 (7th Cir.2000); *United States v. Tsai*, 954 F.2d 155, 167 (3d Cir.

1992). The Introductory Comment to Chapter 3 seems somewhat negative: "[w]hen an offense is committed by more than one participant, § 3B1.1 or § 3B1.2 (or neither) may apply," and the First Circuit has used dictum that seems inhospitable. *United States v. Conley*, 156 F.3d 78, 86 (1st Cir.1998) (stating that "because we uphold the enhancement for Conley's managerial role, it follows inexorably that his participation in the offense of conviction was not 'substantially less culpable than the average participant.' ").

 

this issue the defendant has the burden of proof and the Guidelines make clear that it is an unusual case that awards acceptance where a defendant goes to trial. USSG § 3E1.1, cmt. n. 2.

The chronology is that the defendant was first indicted under 21 U.S.C. § 841(b)(1)(B), charging a conspiracy involving 100 kilograms or more of marijuana. Indictment, Aug. 14, 2001. When a speedy plea did not ensue and trial was imminent, the government warned his lawyer (not current counsel) that a superseding indictment would be filed charging 1,000 kilograms or more under 21 U.S.C. § 841(b)(1)(A). That occurred. Superseding Indictment, Nov. 14, 2001. Only after arraignment on the superseding indictment and the appearance of the current lawyer did the defendant offer to plead and then only to the smaller amount of 100 kilograms or more. The government, however, declined the plea. I assume that the defendant could challenge the government's quantity accusation only by going to trial. I also accept the defendant's argument that acceptance of responsibility is not measured by whether he agrees to the government's contentions. Def. Br. at 16. But acceptance is measured by whether he admits relevant conduct as I find it, and here I have found that the defendant is responsible for 2,320 pounds, or 1,052 kilograms of marijuana. At trial, the defendant did not testify, but his lawyer, who speaks for him to the court and the jury, contended that he was responsible for only 125.2 pounds. Through his lawyer the de-fendant has taken the same position during the preparation of the presentence report and before the court during these sentencing proceedings. Def. Br. at 15, 17. Admitting 125.2 pounds is not acceptance of responsibility.[3]

For all these reasons, there are no adjustments to the Base Offense Level of 32 and it becomes the Total Offense Level. With a Criminal History of I, the Guideline range is 121 to 151 months, independent of statutory minimums. That is greater (by one month) than the statutory minimum under 21 U.S.C. § 841(b)(1)(B), and there is no basis for a departure. Thus, I need not resolve the question whether the jury verdict, finding beyond a reasonable doubt that the quantity was 100 kilograms or more but not 1,000 kilograms or more, should prevent me from applying the otherwise applicable statutory minimum.

The case is scheduled for sentencing on September 26, 2002, at 10:00 a.m.

**So Ordered.**

---

3. One factor that made me pause is the Guideline commentary's statement that I should look to the pretrial conduct of the defendant. USSG § 3E1.1, cmt. n. 2 ("In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.... In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct."). I have concluded, however, that such language does not prevent me from considering the defendant's overall conduct. I take that language to be concerned with a defendant who denies responsibility before trial, but after losing at trial tries to get a lower sentence by only then accepting responsibility.